## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MASONRY SOLUTIONS**                                              **CIVIL ACTION**
**INTERNATIONAL, INC., ET AL.**

**VERSUS**                                                              **NO. 15-2450**

**DWG & ASSOCIATES, INC., ET AL.**                             **SECTION I**

### ORDER AND REASONS

The Court has pending before it a motion[1] to remand filed by plaintiffs, Masonry Solutions

International, Inc. ("MSI") and Masonry Solutions Depot, L.L.C. ("MSD"). The motion is opposed

by defendants, Dynamic Industries, Inc. ("DII"),[2] DWG & Associates, Inc. ("DWG"), and Great

American Insurance Company ("GAIC").[3] For the following reasons, the motion to remand is

denied.

### BACKGROUND

This case arises out of the last link in a chain of subcontracts. For the purposes of resolving

this motion to remand, the parties largely agree on the material facts and the relationships between

the parties. Defendant, DV & Associates, LLC ("DVA"), entered into a construction contract with

the U.S. Army Corps of Engineers. DVA entered into a subcontract with DII.[4] DII entered into a

_____

[1] R. Doc. No. 12.
[2] R. Doc. No. 14.
[3] R. Doc. No. 13.
[4] There is some confusion in the record whether plaintiffs sued the correct party to the sub-subcontract with DWG. In its notice of removal, DII asered that "the relevant contracting party is dii, LLC" ("dii") and not DII. R. Doc. No. 1, at 6. In response to that confusion, plaintiffs filed an amended complaint contemporaneously with their motion to remand, adding dii as a defendant and asserting the same claim against DII and, in the alternative, dii which is also alleged to be a citizen of Louisiana for purposes of removal. R. Doc. No. 8, at 2-3. However, that amended complaint has no effect on the removal analysis, in which the "focus is on plaintiff's pleadings at the time of

sub-subcontract with DWG. GAIC issued a performance and payment bond with respect to the

DII/DWG sub-subcontract. DWG entered into a sub-sub-subcontract with plaintiffs. With respect

to the citizenship of the parties, the parties agree that (1) there is complete diversity of citizenship

between the parties, and (2) defendant DII is a citizen of Louisiana.[5]

Plaintiffs filed this lawsuit in Civil District Court for the Parish of Orleans against DVA, DII,

GAIC, DWG, and an unidentified insurance company.[6] As to plaintiffs' claims against DWG, the

only party with which plaintiffs allegedly contracted directly, plaintiffs allege lengthy facts in

support of claims for breach of contract and assorted other theories of recovery.[7] As to plaintiffs'

claims against DII and the unidentified insurance company, plaintiffs allege their right to recover

as third party beneficiaries of the contract between DII and DWG. The petition cites section 10.2

of the sub-subcontract between DII (as "Company") and DWG (as "Contractor"), which section is

---

removal." *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013); *accord Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal."); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, ut would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved.").

The Court acknowledges that "post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded." *See Akerblom*, 509 F. App'x at 344; *see also Cavallini*, 44 F.3d at 264-65. Regardless, even if the Court could consider the factual allegations in the post-removal amended complaint with respect to whether plaintiffs had stated a claim against DII at the time of removal, the amended complaint merely added dii as an additional defendant without elaborating those factual allegations. R. Doc. No. 8, at 39-43.

[5]R. Doc. No. 1-2, at 4-5; R. Doc. No. 1, at 3-4.

[6]R. Doc. No. 1-2, at 4-32. DWG and GAIC removed the state court petition to this Court on July 2, 2015. R. Doc. No. 1.

[7]R. Doc. No. 1-2, at 4-26.

captioned "Company's Obligations":

   a.   Company agrees to release, defend, indemnify and hold the Contractor Group
        harmless from and against any and all claims, demands, and causes of action
        of every kind and character (including without limitation, fines, penalties,
        remedial obligations, court costs and reasonable attorneys' fees, including
        attorneys' fees incurred in the enforcement of this indemnity) arising out of
        any criminal or willful misconduct by any officer or director of Company
        connected with or arising out of the performance of the Work.

   b.   Company agrees that its indemnity obligations herein will be supported by
        insurance with at least the minimum amounts provided in Article 11, which
        insurance will be primary to any other insurance provided by or available to
        any one or more members of the Contractor Group and shall provided
        waivers of subrogation against all members of the Contractor Group. To the
        extent that applicable law prohibits monetary limits of insurance required or
        the indemnities voluntarily assumed hereunder, the requirements will
        automatically be revised to conform, to the maximum extent permitted, with
        applicable law.[8]

"Contractor Group" is defined as "Contractor; . . . [and] its and their vendors, contractors, and

subcontractors of any tier."[9] Plaintiffs allege that "[t]hrough willful misconduct arising out of DII's

performance of its work, DII has failed to ensure payment to its subcontractors of any tier, including

MSI, for work performed under DII's contracts and at DII's benefit and has also failed in its

supervision and oversight of its subcontractors, including DWG, regarding DWG's failures in the

performance of its Work." [10] "As such, pursuant to Section 20.2 of the DII/DWG Contract, MSI is

entitled to be released, defended, indemnified and held harmless by DII regarding the present

claims."[11] The portion of the petition also alleges the following fact: "Furthermore, MSI is aware

of a late payment by DII to DWG for the materials provided by MSI in the amount of

---

[8]R. Doc. No. 1-2, at 29, 107.
[9]R. Doc. No. 1-2, at 29, 101.
[10]R. Doc. No. 1-2, at 30.
[11]R. Doc. No. 1-2, at 30.

$276,217.00."[12]

# LAW & ANALYSIS

## A.     Standards for Removal and Improper Joinder

The only jurisdictional basis implicated in this matter is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which all parties agree is satisfied.  "Under the federal removal statute, a civil action may be removed from state court to federal court on the basis of diversity because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015) (citing 28 U.S.C. § 1441(a)). "The only caveat is that in cases where the parties are diverse but a properly joined defendant is a citizen of the state in which the action is brought, removal is improper." *Id.* (citing 28 U.S.C. § 1441(b)(2)).

If DII is a party in interest and properly joined, then as a citizen of Louisiana its presence in this civil action precludes removal and plaintiffs' motion to remand should be granted. 28 U.S.C. § 1441(b)(2). In the notice of removal and in opposition to the motion to remand, DWG contends that the doctrine of improper joinder allows the Court to disregard the citizenship of DII.[13]

In *Smallwood v. Central Railroad Co.*, the en banc Fifth Circuit explained that it has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" 385 F.3d 568, 573 (5th Cir. 2004)(quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).[14] As to the second method, the Fifth Circuit held that the test "is

---

[12]R. Doc. No. 1-2, at 31.

[13]R. Doc. No. 1, at 5; R. Doc. No. 13, at 4.

[14]Actual fraud is not at issue. R. Doc. No. 13, at 4. This Court has previously held that there is a "'third type' of improper joinder, sometimes called *Tapscott* misjoinder, which applies 'in instances in which the claim against the diverse defendant has no real connection to the claim

4

whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see also Int'l Energy Ventures Mgmt.*, 800 F.3d  at 149 ("[Defendants] must prove their claim of fraudulent joinder by clear and convincing evidence.").

In order to assess plaintiffs' possibility of recovery against DII, the in-state defendant, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. "The focus is on plaintiff's pleadings at the time of removal . . . ." *Akerblom*, 509 F. App'x at 344; *accord Manguno*, 276 F.3d at 723. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.[15]

The Fifth Circuit recently held that the *Smallwood* test for whether a plaintiff has stated a claim against the in-state defendant must apply the applicable state-law pleading standard rather than

---

against the nondiverse defendant and there is no joint, several or alternative liability.'" *Fine v. State Farm Fire & Cas. Co.*, No. 15-80, 2015 WL 1810138, at *2 (E.D. La. Apr. 21, 2015) (Africk, J.) (quoting *J.O.B. Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 773 (E.D. La. 2012) (Vance, C.J.)). That theory of improper joinder is likewise not implicated in this case.

[15]The Fifth Circuit also noted the possibility that a "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* No party requests such a summary inquiry in connection with plaintiffs' motion to remand.

the Federal Rules of Civil Procedure. *See Int'l Energy Ventures Mgmt., L.L.C.*, 800 F.3d at 149. The

Louisiana analogue to a Rule 12(b)(6) motion for failure to state a claim is a peremptory exception

of no cause of action. *See* 1 La. Civ. L. Treatise § 6:7 (2d ed. 2015). "The purpose of the peremptory

exception of no cause of action is to test the legal sufficiency of the petition by determining whether

the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 950

So. 2d 641, 646 (La. 2007) (citing *Montalvo v. Sondes*, 637 So. 2d 127, 131 (La. 1994)). "Louisiana

retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not

set forth a cause or right of action." *Id.* at 646-47; *see also* La. Code Civ. P. 891(A) (stating that a

petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and

of the material facts of, the transaction or occurrence that is the subject matter of the litigation").

## B.   Analysis

When analyzing whether joinder is improper, the Court will determine "whether the plaintiff

has stated a valid state law cause of action [which] depends upon and is tied to the factual fit

between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. The

sole theory of recovery plaintiffs plead against DII is based on § 10.2 of the sub-subcontract between

DII and DWG, quoted in full above.[16] Pursuant to the plain language of § 10.2, DII agreed with

DWG to "release, defend, indemnify and hold harmless [plaintiffs] *from and against* any and all

claims, demands, and causes of action . . . arising out of any *criminal or willful misconduct by any*

*officer or director of [DII]* connected with or arising out of the performance of the Work."[17]

As DWG convincingly argues, the petition is devoid of any facts suggesting any possibility

---

[16]R. Doc. No. 12-1, at 3 ("The Claims against DII are made pursuant to the rights explicitly
granted in the contract between DII and DWG to third parties . . . .").

[17]R. Doc. No. 1-2, at 107.

of plaintiffs' recovery from DII pursuant to § 10.2 of the DII/DWG sub-subcontract.[18] First, nothing in the petition suggests that any claims, demands, or causes of action have been asserted against plaintiffs which could potentially trigger DII's alleged duty to release, defend or indemnify plaintiffs. Second, there are no facts in the petition remotely indicative of "criminal or willful misconduct by any **officer or director**" of DII.[19] Although the petition recites the phrase "willful misconduct,"[20] "mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action." *Scheffler*, 950 So. 2d at 646.

Plaintiffs quote paragraph 186 of the petition, which alleges that "MSI is aware of a late payment by DII to DWG for the materials provided by MSI in the amount of $276,217.00."[21] That factual allegation does not suggest a claim, demand, or cause of action against MSI arising out of criminal or willful misconduct by any officer or director of DII. Plaintiffs also refer to paragraph 113 of the petition, which purportedly "enumerated numerous of DII's responsibilities to DII's subcontractors of any tier, [including] MSI and MSD."[22] However, paragraph 113 of the petition does not allege actions by DII; rather, it expressly alleges that "*DWG* breached its contract with MSI and/or Purchase Order with MSI/MSD" in a variety of ways.[23] Plaintiffs fail to plead facts or articulate any legal basis for recovery against DII on the basis of DWG's alleged breaches of its contract with plaintiffs.

---

[18]Accordingly, the Court does not reach DWG's alternative argument that plaintiffs failed to state a claim in the state court petition because dii, not DII, was the contracting party with DWG; plaintiffs have failed to state a claim against whichever entity in fact entered into the contract with DWG which contains § 10.2.

[19]R. Doc. No. 1-2, at 107 (emphasis added).

[20]R. Doc. No. 1-2, at 30.

[21]R. Doc. No. 1-2, at 31.

[22]R. Doc. No. 12-1, at 9.

[23]R. Doc. No. 1-2, at 20 (emphasis added).

Next, plaintiffs contend that "the determination of [their] third-party beneficiary status as it relates to specific contractual clauses, indemnity or otherwise, requires a specific factual and legal analysis at the heart of the merits."[24] They assert that "an ultimate determination of the extent of those rights, and how they apply to the specific facts of this case, are not appropriately decided" in connection with a motion to remand.[25] The Court agrees that the question at this stage of the proceedings is only whether there is "a reasonable basis for the district court to predict that the plaintiff might be able to recover against" DII and not whether plaintiffs will in fact recover. *Smallwood*, 385 F.3d at 573. But this is a "12(b)(6)-type analysis" and plaintiffs still must state a claim against DII pursuant to Louisiana law. *Smallwood*, 385 F. 3d at 573. Accordingly, it is appropriate and indeed necessary for the Court to assess the factual sufficiency of plaintiffs' allegations. Here, plaintiffs have simply failed to allege *facts* which, taken as true, give the Court a reasonable basis to predict that plaintiffs can recover from DII pursuant to section 10.2 of the DII/DWG contract, which is the only legal basis for recovery from DII articulated by plaintiffs.

Finally, plaintiffs cite the holding in *Smallwood* that if the showing of improper joinder on the basis of inability to state a claim against the in-state defendant "is equally dispositive of all defendants," then the case must be remanded. *See* 385 F.3d at 574-75. But that holding is inapplicable; although the factual deficiencies in the petition may also dispose of plaintiffs' claims against DVA, such deficiencies are irrelevant to plaintiffs' extensive factual allegations against DWG. Therefore, the showing that DII was improperly joined is not dispositive of *all* defendants.

Accordingly, the Court concludes that DWG as the removing party has carried its burden to

---

[24]R. Doc. No. 12-1, at 13.
[25]R. Doc. No. 12-1, at 15.

demonstrate "that there is no possibility of recovery by the plaintiff against" DII on the facts plaintiffs have alleged. *Id.* at 573. Because DII was improperly joined, its Louisiana citizenship is not a barrier to removal and the motion to remand should be denied.

For the same reasons that plaintiffs' motion to remand must be denied on the basis of improper joinder of DII, it is appropriate to dismiss plaintiffs' claims against DII. *See, e.g.*, *Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 245-46 (5th Cir. 2014) (affirming district court's order denying motion to remand on the basis of improper joinder of defendant and dismissing the improperly joined defendant). Furthermore, it is appropriate to dismiss plaintiffs' claims against dii and DII asserted in the first amended complaint. The first amended complaint merely reiterates the same insufficient factual allegations as to both DII and dii in the alternative.[26] The Court's analysis set forth above is equally dispositive as to both, whichever is the proper defendant, and plaintiffs have failed to state a claim against either.

## CONCLUSION

**IT IS ORDERED** that plaintiffs' motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' claims against DII and dii are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, November 2, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[26]R. Doc. No. 8, at 4-5, 39-43.

9