UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MASONRY SOLUTIONS INTERNATIONAL, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2450** |
| **DWG & ASSOCIATES, INC., ET AL.** | **SECTION I** |

### ORDER AND REASONS

The Court has pending before it a motion[1] to dismiss filed by defendant, DV & Associates, LLC ("DVA"). Plaintiffs, Masonry Solutions International, Inc. ("MSI") and Masonry Solutions Depot, L.L.C. ("MSD"), oppose the motion.[2] For the following reasons, the motion to dismiss is granted.

### BACKGROUND

This case arises out of the last link in a chain of subcontracts. For the purposes of resolving this motion to dismiss, the parties agree on the material facts and the relationships between the parties. The U.S. Army Corps of Engineers ("the Corps") entered into a construction contract with DVA.[3] DVA entered into a subcontract with dii.[4] dii entered into a sub-subcontract with defendant, DWG.[5] Plaintiffs, MSI and MSD, provided labor and/or materials to DWG both before and after the

---

[1] R. Doc. No. 47.
[2] R. Doc. No. 48.
[3] R. Doc. No. 8, at 7.
[4] Plaintiffs previously asserted claims against Dynamic Industries, Inc. ("DII") and dii, L.L.C. ("dii"), alternatively, in the amended complaint filed after removal. R. Doc. No. 8, at 5. Any uncertainty as to whether dii or DII was the correct contracting party with DVA is immaterial to resolving this motion. For convenience, the Court will refer to dii, as the contract with DVA recites that "dii, L.L.C." is the "Contractor." R. Doc. No. 47-3, at 1.
[5] R. Doc. No. 8, at 8.

execution of sub-sub-subcontracts with DWG.[6]

Plaintiffs filed this lawsuit in Civil District Court for the Parish of Orleans against DVA, DII, DWG, and two insurers.[7] As to plaintiffs' claims against DWG, the only party with which plaintiffs allegedly contracted directly, plaintiffs allege lengthy facts in support of claims for breach of contract and assorted other theories of recovery.[8]

After defendants removed the above-captioned matter to this Court, plaintiffs moved to remand. The Court denied the motion to remand, concluding that plaintiffs had improperly joined DII, a Louisiana citizen, and that DII's citizenship was not a barrier to removal.[9] The Court concluded that plaintiffs failed to allege facts stating a plausible claim against dii based on plaintiffs' purported status as third party beneficiaries of an indemnification provision in the contract between dii and DWG.[10] Accordingly, the Court denied the motion to remand and dismissed plaintiffs' claims against dii and DII without prejudice.

Plaintiffs' allegations against DVA are found in the first amended complaint[11] and a second amended complaint filed after DVA filed this motion to dismiss.[12] As stated in the first amended complaint, the claims against DVA are again based on their purported status as third-party beneficiaries to a contract: the DVA/dii contract. Plaintiffs cite section 13(d) of that contract, which states that "Contractor agrees to flow down, as required, all applicable Health and Safety clauses to

---

[6]*See* R. Doc. No. 8, at 8-13.
[7]R. Doc. No. 1-2, at 4-32. After removal, plaintiffs amended their complaint to assert claims against both DII and dii. R. Doc. No. 8.
[8]R. Doc. No. 1-2, at 4-26.
[9]*See* R. Doc. No. 19.
[10]R. Doc. No. 19, at 6-8.
[11]R. Doc. No. 8.
[12]R. Doc. No. 31.

2

all of its lower-tier subcontractors."[13] They also cite section 15.1(b), which sets forth an indemnity provision:

> DVA hereby agrees to indemnify, save and hold harmless, and defend Contractor and its respective agents, partners, affiliates, directors, officers, shareholders, members, employees, subcontractors, successors and assigns (the "Contractor Parties") from and against any and all liabilities, Claims, and/or damages, including, but not limited to, claims for penalties, fines, forfeitures, suits and the costs and expenses incident thereto, including, without limitation, costs of defense, settlement, and attorneys' and paralegals' fees, for personal injury, illness or death, or damage to, or loss of use of or destruction of, property, arising out of or connected in any way whatsoever with any of the Indemnified Parties' (i) performance of Work hereunder, or (ii) breach of any term or provision set forth in this Agreement, whether such Claims may be initiated by any Indemnified Parties or any third-party, except to the extent that any such Claim is caused or made as a result of any Contractor Parties' gross negligence or willful misconduct.[14]

In the second amended complaint, plaintiffs further allege improprieties by DVA with respect to its certification of requests for payment from the Corps and retention of amounts paid by the Corps.[15] Plaintiff, MSI, alleges that it is owed such withheld payments because it is "a third-party beneficiary of such contract."[16] Plaintiffs also allege that DVA withheld payments to its own subcontractors, "resulting in failure of payment to MSI/MSD," in violation of the Federal Prompt Payment Act and/or the Louisiana Prompt Pay Act, which actions constitute a continuing tort.[17]

## LAW & ANALYSIS

### A.    Standard on Rule 12(b)(6) Motions to Dismiss

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim

---

[13] R. Doc. No. 8, at 37; R. Doc. No. 47-3, at 10.
[14] R. Doc. No. 47-3, at 11; R. Doc. No. 8, at 37.
[15] R. Doc. No. 31, at 2-3.
[16] R. Doc. No. 31, at 3.
[17] R. Doc. No. 31, at 4-6.

that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

**B.     Analysis**

    **1)     Plaintiff's Allegations Against DVA in the First Amended Complaint**

The allegations in plaintiffs' first amended complaint fail to state a claim against DVA,

essentially for the reasons set forth in the Court's order and reasons denying plaintiffs' motion to remand and dismissing plaintiffs' claims against dii.[18] To reiterate, plaintiffs claimed third-party beneficiary status on the basis of an indemnification provision in a contract between dii and DWG; however, plaintiffs failed to allege any facts suggesting that claims had been asserted *against plaintiffs* that might trigger that indemnification duty.[19] Accordingly, the Court concluded that plaintiffs failed to state a claim against dii.

Plaintiffs' claims against DVA in this case suffer from the same fatal deficiency. Plaintiffs again contend that they are third-party beneficiaries, this time of the DVA-dii contract, and their claim to third-party beneficiary status is again based on an indemnification provision.[20] That indemnification provision states that DVA "agrees to indemnify, save and hold harmless, and defend" certain parties from and against claims. But plaintiffs still have not alleged any *facts* suggesting a right to recover pursuant to that provision. That is, plaintiffs do not allege that any claims have been made against them, as to which they could demand defense and indemnity from

---

[18]R. Doc. No. 19.

[19]R. Doc. No. 19, at 7.

[20]Pursuant to Article 1978 of the Louisiana Civil Code, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." "Each contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). The Louisiana Supreme Court has articulated "three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.*

The indemnification provision is the only stipulation in the DVA-dii contract cited and briefed by plaintiffs which arguably constitutes a "manifestly clear" stipulation for their benefit. Although they refer in the first amended complaint to "Health and Safety clauses" provision, they fail to brief that provision or otherwise articulate how their claims against DVA relate to that provision.

essentially for the reasons set forth in the Court's order and reasons denying plaintiffs' motion to remand and dismissing plaintiffs' claims against dii.[18] To reiterate, plaintiffs claimed third-party beneficiary status on the basis of an indemnification provision in a contract between dii and DWG; however, plaintiffs failed to allege any facts suggesting that claims had been asserted *against plaintiffs* that might trigger that indemnification duty.[19] Accordingly, the Court concluded that plaintiffs failed to state a claim against dii.

Plaintiffs' claims against DVA in this case suffer from the same fatal deficiency. Plaintiffs again contend that they are third-party beneficiaries, this time of the DVA-dii contract, and their claim to third-party beneficiary status is again based on an indemnification provision.[20] That indemnification provision states that DVA "agrees to indemnify, save and hold harmless, and defend" certain parties from and against claims. But plaintiffs still have not alleged any *facts* suggesting a right to recover pursuant to that provision. That is, plaintiffs do not allege that any claims have been made against them, as to which they could demand defense and indemnity from

---

[18] R. Doc. No. 19.

[19] R. Doc. No. 19, at 7.

[20] Pursuant to Article 1978 of the Louisiana Civil Code, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." "Each contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). The Louisiana Supreme Court has articulated "three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id.*

The indemnification provision is the only stipulation in the DVA-dii contract cited and briefed by plaintiffs which arguably constitutes a "manifestly clear" stipulation for their benefit. Although they refer in the first amended complaint to "Health and Safety clauses" provision, they fail to brief that provision or otherwise articulate how their claims against DVA relate to that provision.

DVA.[21] Rather, in this case plaintiffs have *brought* claims against DVA. Plaintiffs simply fail to articulate how potential third-party indemnification by DVA *from* claims against plaintiffs translates into a right to sue DVA, an entity three steps removed in the sub-contracting chain, for breach of contract.[22] Accordingly, the allegations in plaintiffs' first amended complaint fail to state a plausible claim for relief against DVA.

### 2) Plaintiffs' Allegations Against DVA in the Second Amended Complaint

In their second amended complaint, plaintiffs make additional allegations against DVA under the headings "BREACH OF CONTRACT CLAIMS AGAINST DVA"[23] and "CONTINUING TORT CLAIMS AGAINST DVA."[24]

The allegations under the "breach of contract claims" heading fail for the reasons set forth above. Plaintiffs expressly predicate this argument on their alleged status as "third-party

---

[21]Accordingly, the Court is unpersuaded by plaintiffs' contention that the indemnification provision is "truly unique" because it encompasses claims asserted by "Indemnified Parties," R. Doc. No. 48, at 18. Although section 15.1(b) states that defense and indemnity is owed "whether such Claims may be initiated by any Indemnified Parties or any third-party," the provision still refers to claims initiated *against plaintiffs*.

[22]Although plaintiffs recite at length the facts and holdings of several cases, they do not articulate, and the Court does not perceive, the relevance of such cases. *Shaw Constructors v. ICF Kaiser Engineer's, Inc.*, 192 F. Supp. 2d 545 (E.D. La. 2001), *rev'd on other grounds* 395 F.3d 533 (5th Cir. 2004) and *Hospital Service District No. 3 v. Fidelity & Deposit Co. of Maryland*, No. 99-0752, 1999 WL 294795 (E.D. La. May 11, 1999) (Vance, J.); *U.S. ex rel. C & C Excavating, Inc. v. Logistic Servs. Int'l, Ltd.*, No. 92-3761, 1994 WL 247203 (E.D. La. June 2, 1994) (Berrigan, J.) None of these cases addressed a comparable situation in which a sub-sub-subcontractor purports to assert claims against a general contractor as a third-party beneficiary of an indemnification provision.

Through a motion to file a supplemental memorandum, plaintiffs also untimely draw the Court's attention to *Lambeth House, Inc. v. Liberty Restoration Group, LLC*, No. 07-608, 2010 WL 3791777 (E.D. La. Sept. 16, 2010). That case applied Texas law and did not involve any third-party beneficiary issues or claims by a sub-sub-subcontractor; accordingly, the Court finds it to be inapposite, although the motion for leave to file is granted.

[23]R. Doc. No. 31, at 2.
[24]R. Doc. No. 31, at 4.

beneficiaries."[25] As set forth above, plaintiffs have not alleged sufficient facts to state a claim as third-party beneficiaries of the indemnification provision. Because plaintiffs expressly rely on the same reasoning rejected above,[26] this claim fails as well.

The allegations under the "continuing tort claims" heading likewise fail to state a claim. Plaintiffs allege that DVA has not promptly paid its subcontractors, which non-payment allegedly violates either the Federal Prompt Payment Act or the Louisiana Prompt Pay Act. The Court finds that plaintiffs fail to state a claim against DVA pursuant to either Act.

As to the Federal Prompt Payment Act, 31 U.S.C. § 3905, DVA cites several cases expressly holding that such Act does not create an independent cause of action.[27] *See, e.g.*, *U.S. ex rel. L&W Supply Corp. v. Dick Corp.*, 2009 WL 1139569, at *1 (N.D. Fla. Apr. 27, 2009) ("All of the authority which the defendants have cited, or the court has located, hold there is no private right of action under the Act."). The Court's own research buttresses that legal conclusion. *See U.S. ex rel. IES Commercial, Inc. v. Cont'l Ins. Co., Inc.*, 814 F. Supp. 2d 1 (D.D.C. 2011); *U.S. ex rel. King Mountain Gravel, LLC v. RB Constructors, LLC*, 556 F. Supp. 2d 1250, 1252-53 (D. Colo. 2008). In their opposition, plaintiffs do not respond to these cases or otherwise articulate how their allegations state a claim against DVA pursuant to the Federal Prompt Payment Act. The Court therefore concludes that such claim should be dismissed.

As to the Louisiana Prompt Pay Act, La. Rev. Stat. § 9:2784, that Act states in relevant part that:

---

[25] R. Doc. No. 31, at 3.
[26] R. Doc. No. 48, at 22 ("Plaintiff's third-party beneficiary contract claims, as amended in their Second Supplemental and Amended Complaint should not be dismissed for the very same reasons as discussed, *supra*.").
[27] R. Doc. No. 47-2, at 17-18.

7

    A.    When a contractor receives any payment from the owner . . . the contractor shall promptly pay such monies received to each subcontractor and supplier in proportion to the percentage of work completed . . . . Further, whenever a subcontractor receives payment from the contractor, the subcontractor shall promptly pay such monies received to each sub-subcontractor and supplier in proportion to the work completed.

. . .

    C.    If the contractor or subcontractor without reasonable cause fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner . . . the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty . . . .

As another section of this Court has observed, "[t]he language of the Louisiana Prompt Pay Act clearly distinguishes payments owed by a contractor to *his* subcontractor from payments owed by a subcontractor to *his* sub-subcontractor." *Double R & J Trucking Serv., Inc. v. Patton Installations of Fla., L.L.C.*, 2015 WL 2452343, at * 3 (E.D. La. May 21, 2015) (Morgan, J.). Consequently, in *Double R & J Trucking*, the court dismissed claims brought pursuant to the Louisiana Prompt Pay Act by a sub-subcontractor against contractors higher in the chain with whom the sub-subcontractor had no direct contract. *See id.*

    Plaintiffs selectively quote one sentence from *Double R & J Trucking* out of context to suggest that DVA's alleged failure to pay its direct subcontractor allows plaintiffs to recover directly from DVA amounts they are allegedly owed by their own contracting partner (DWG).[28] In fact, *Double R & J Trucking* held exactly the opposite, and neither that case nor the statute itself authorizes plaintiffs to bring a claim directly against DVA, with whom they had no contractual relationship. The Court therefore concludes that plaintiffs have not stated a claim against DVA

---

[28]R. Doc. No. 48, at 23.

pursuant to the Louisiana Prompt Pay Act.[29]

## CONCLUSION

For the foregoing reasons, plaintiffs have not stated a claim against DVA either in their first or second amended complaints. Because plaintiffs have had several opportunities to attempt to state claims against DVA, dismissal with prejudice is appropriate. Accordingly,

**IT IS ORDERED** that DVA's motion to dismiss is **GRANTED** and that plaintiffs' claims against defendant, DV & Associates, LLC, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a supplemental memorandum is **GRANTED**.

New Orleans, Louisiana, March 25, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[29]Because plaintiffs do not state a claim pursuant to either Act, the Court need not delve into plaintiffs' confusing contention that violations of the Acts constitute a "continuing tort," which contention apparently relies on cases addressing prescription of claims. *See* R. Doc. No. 48, at 23-24.